UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>HURIE E. BODYE,<br><br>Defendant. | Criminal Action No. 11-110-7 (JDB) |

## MEMORANDUM OPINION & ORDER

On March 21, 2016, the Court issued an order denying defendant Hurie Bodye's motion to dismiss the indictment. United States v. Bodye, 2016 WL 1091058 (D.D.C. Mar. 21, 2016). On April 20, Bodye filed a notice of appeal seeking immediate review of the portion of that order holding that Congress had the constitutional authority to prohibit the possession with intent to distribute of controlled substances aboard U.S.-registered aircraft located outside the United States. See id. at *4–6. Later that day, the Court asked Bodye and the Government for their respective views on whether, in light of the filing of the notice of appeal, this Court had authority to proceed with the case. While Bodye has not squarely argued that this Court cannot proceed, he says it should not proceed, and should instead stay the case so that he can focus on pursuing the appeal. The Government argues that because Bodye's appeal will surely be dismissed for lack of jurisdiction, this Court retains the authority to proceed with the case and should do so. Having considered the parties' written submissions and their arguments at yesterday's status conference, the Court concludes that it retains authority over this case and that a stay is inappropriate. For now, then, trial remains scheduled for June 13, 2016.

\*     \*     \*

1

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam). "The weight of authority," however, "holds that an appeal from a clearly non-appealable order fails to oust district court authority." 16A Charles Alan Wright et al., Federal Practice and Procedure § 3949.1, at 64 (4th ed. 2008); see also United States v. DeFries, 129 F.3d 1293, 1302–03 (D.C. Cir. 1997) (per curiam) (indicating in dictum that a district court retains authority when a party "takes an interlocutory appeal from a non-appealable order"). Here, the Court retains authority over Bodye's case because the order he is attempting to appeal is clearly non-appealable.

"In criminal cases," the final judgment rule embodied in 28 U.S.C. § 1291 normally "prohibits appellate review until after conviction and imposition of sentence." Midland Asphalt Corp. v. United States, 489 U.S. 794, 798 (1989). There is "a narrow exception" to this rule in the "collateral order" doctrine, which treats certain orders as final even though they do not conclusively end the litigation. Id. "To fall within the limited class of final collateral orders, an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." Id. at 799 (internal quotation marks omitted). In criminal cases, these requirements are interpreted "with the utmost strictness." Id. (internal quotation marks omitted).

This Court's March 21 order plainly does not satisfy the third requirement, for the Court's determination that Congress had the authority to criminalize Bodye's alleged conduct will be eminently reviewable on appeal from a final judgment. See, e.g., United States v. Stevens, 559 U.S. 460 (2010) (reviewing constitutionality of statute of conviction on appeal from final

judgment); United States v. Lopez, 514 U.S. 549 (1995) (same).  In arguing otherwise, Bodye suggests that if his constitutional argument is correct, he has a "right not to be prosecuted" that can only be vindicated before trial.  It is true that an order rejecting an alleged "right not to be tried" can fit within the collateral order doctrine.  See, e.g., Abney v. United States, 431 U.S. 651, 659–62 (1977) (holding that double-jeopardy claims are immediately appealable).  "One must be careful, however, not to play word games with the concept of a 'right not to be tried.'  In one sense, any legal rule can be said to give rise to a 'right not to be tried' if failure to observe it requires the trial court to dismiss the indictment or terminate the trial.  But that is assuredly not the sense relevant for purposes of the exception to the final judgment rule."  Midland Asphalt Corp., 489 U.S. at 801.  A true "right not to be tried" must "rest[] upon an explicit statutory or constitutional guarantee that trial will not occur," such as those found in the Double Jeopardy and Speech or Debate Clauses of the Constitution.  Id.  Bodye's claim that Congress lacked authority to criminalize his alleged conduct does not invoke any such explicit guarantee.

Moreover, the Supreme Court has already indicated—albeit in dictum—that precisely the kind of issue Bodye wishes to appeal does not come within the collateral order doctrine.  In United States v. Hollywood Motor Car Co., 458 U.S. 263 (1982) (per curiam), the Supreme Court held that an order refusing to dismiss an indictment on the ground of prosecutorial vindictiveness was not immediately appealable.  In explaining that holding, the Court noted that

> there is a superficial plausibility to the contention that any claim, particularly a constitutional claim, that would be dispositive of the entire case if decided favorably to a criminal defendant, should be decided as quickly as possible in the course of the litigation.  But if such a principle were to be applied, <u>questions as to the constitutionality of the statutes authorizing the prosecution</u> and doubtless numerous other questions would fall under such a definition, and the policy against piecemeal appeals in criminal cases would be swallowed by ever-multiplying exceptions.

Id. at 270 (emphasis added). Clearly, then, the Supreme Court viewed an order resolving a "question[] as to the constitutionality of [a] statute[] authorizing [a] prosecution" as not coming within the narrow class of orders that are effectively unreviewable on appeal from a final judgment. Bodye has not cited, nor has this Court found, any decision to the contrary.

Bodye says that even if his challenge does not fit neatly into a recognized category of issues that are immediately appealable, he will ask the D.C. Circuit to expand the scope of interlocutory appeals to include this kind of constitutional challenge. But there is no reason to think the Court of Appeals will oblige. The Supreme Court has repeatedly rejected efforts to expand the range of pretrial orders that are immediately appealable in criminal cases. See Midland Asphalt Corp., 489 U.S. 794; Flanagan v. United States, 465 U.S. 259 (1984); Hollywood Motor Car Co., 458 U.S. 263; United States v. MacDonald, 435 U.S. 850 (1978). (The trend is similarly against immediate appeals in the civil context. See, e.g., Bullard v. Blue Hills Bank, 135 S. Ct. 1686 (2015); Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100 (2009); Will v. Hallock, 546 U.S. 345 (2006).) As noted, dictum in Hollywood Motor Car Co. cuts directly against the expansion Bodye seeks. And there is simply no reason to think Bodye's proposed expansion is necessary, but every reason to think it will lead to inefficient, piecemeal appeals—precisely the problem the final judgment rule is intended to guard against. See, e.g., Bullard, 135 S. Ct. at 1691–92.

In sum, the Court is all but certain the D.C. Circuit will dismiss Bodye's appeal for lack of jurisdiction. The Court is therefore confident it retains authority to proceed with the case. And for the same reason, the Court concludes it should proceed. Although Bodye is willing to waive his right to a speedy trial, the Government and the public also have an interest in a timely resolution of this case. This case has been pending for several years, and trial has already been postponed multiple times. The tangible harms the Government will suffer if trial is delayed by another several

months might be small, but they are not nothing.  And it does not take much to outweigh Bodye's interest in pursuing an appeal doomed to fail at the outset.  Accordingly, the Court will deny Bodye's request to stay the case; June 13, 2016, remains the first day of trial.

In light of the upcoming trial date, the Court urges both parties to seek an expedited determination by the D.C. Circuit of whether it will hear the appeal.  If the Court of Appeals indicates that it will hear the merits of the appeal, this Court will reconsider whether to stay the trial proceedings here.  But in the absence of such an indication, the parties should be prepared to go to trial as planned in June.

For the foregoing reasons, it is hereby **ORDERED** that [240] Bodye's request for a stay pending the resolution of his appeal is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated:  April 26, 2016